[Crim. No. 6514.    Second Dist., Div. Three.    Aug. 28, 1959.]

THE PEOPLE, Respondent, v. JOHN FRANCIS WATSON,
Appellant.

William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In four counts of an information defendant was accused of selling marijuana to a minor, in violation of section 11714 of the Health and Safety Code. In count 5 he was accused of unlawfully possessing marijuana. He admitted an allegation of the information that he had been convicted previously of violating section 11500 of the Health and Safety Code, a misdemeanor. In a trial by jury he was found guilty on the five counts. His motion for a new trial was granted as to count 5 and was denied as to the other counts. Count 5 was dismissed. He was sentenced to state prison, and it was ordered that the sentences on the four counts should run consecutively. He appeals from the judgment.

Appellant contends that the court erred in refusing to give an instruction requested by him; and erred in receiving evidence regarding possession of marijuana.

Michael Greenwood, who was 17 years of age at the time of the alleged sales, testified that about June, 1957, while he and defendant were near a gasoline station, he gave defendant $35 for a half pound of marijuana, and he received that amount of marijuana from defendant; the marijuana, which was in a paper bag, had the appearance of green crushed leaves; he (witness) rolled the leaves into cigarettes; he smoked some of the cigarettes; when he smoked the cigarettes his mouth and throat became dry, and he became sleepy and hungry; the lift which he got from the smoking was similar "to being drunk"; while he was smoking he was listening to music which sounded as if the band were next to him; the extra marijuana cigarettes which he did not smoke he sold to persons of his "age group" for 50 cents a cigarette.

Greenwood testified further that about two days after the sale above referred to, while he was at defendant's home, he gave defendant $12 for two "cans" of marijuana; defend-

ant gave him that amount of marijuana; a "can" of marijuana is approximately the amount that could be put in a Prince Albert tobacco "pocket tin"; about 80 cigarettes can be made from "a can" of marijuana; he made about 15 cigarettes from that marijuana; while he was smoking six of those cigarettes his mouth became dry, and the music to which he was listening seemed as if it were next to him.

Greenwood testified further that in the winter of 1957, he bought marijuana from defendant twice in one day; before going to defendant's house on that day, he (witness) called defendant by telephone at LOgan 9-6895; about 1 p. m. of that day he went to defendant's house and paid him $6.00 for half a can of marijuana; about 6 p. m. of that day he returned to defendant's house and purchased half a can of marijuana from defendant; after each of those purchases he (witness) rolled the marijuana into cigarettes and he smoked several of the cigarettes; the smoking produced the same effects as the previous smoking had produced.

Greenwood testified further that during the first part of the year 1958, while he was at defendant's home, he purchased half a pound of marijuana from defendant and paid him $40 for it; he made some cigarettes from that marijuana; after he smoked some of those cigarettes his throat was dry and he was thirsty and hungry; the effect that was produced from smoking the cigarettes lasted four or five hours.

He also testified that he believed that he had smoked marijuana about 50 times before he met defendant; he (witness) thought that he had purchased marijuana from defendant about 40 times.

Officer Worrell testified that he had been employed in the narcotics division of the police department of Los Angeles about five years, and he had made special studies of the use of marijuana; he had seen persons under the influence of marijuana; many of the hundreds of persons with whom he had talked have used marijuana. He was asked a hypothetical question which was based on the testimony of Greenwood with respect to buying the green leafy substance, and with respect to the effects produced by smoking the substance. That question called for the witness' opinion as to whether the substance was marijuana. He testified that in his opinion the substance was marijuana.

Greenwood testified further that on April 23, 1958, he called telephone number LOgan 9-6895 and talked with defendant; at that time some police officers, who were with

the witness, made a tape recording of the telephone conversation; he gave the officers permission to make the recording and he knew that the recording was being made; in that conversation he asked defendant what was going on, and defendant replied, "Long time no see"; defendant also said that he was going to take his son to the barber shop and he would be back; the witness said that he wanted "a half" and he would be over; defendant said, "All right." The recording was played in the presence of the jury.

Officer Zadody, who was one of the arresting officers, testified that three other officers were with him at the time of the arrest; on April 23, 1958, after Greenwood had the telephone conversation, the officers went to 2271 East Imperial Highway; they arrived there about 5.45 p. m., but defendant was not there; they searched the house but did not find any narcotic therein; the telephone number at that address was the same number which Greenwood had called; the house was a part of a housing project; there was no fence dividing the back yards of the houses, and it appeared that there was a community back yard for several of the houses; defendant arrived there about 6 :30 p. m., and they arrested him; the witness searched the yard at the rear of said house and found a package of green leafy substance in the end of the clothesline pole; about 30 feet from the house he found a paper sack in some bushes; the sack contained a green leafy substance; when the witness showed the package and the sack to defendant, he said that he did not know anything about them.

A chemist testified that the green leafy substance which was in the package and the sack was marijuana.

Officer Zadody testified further that he and two other officers had a conversation with defendant on April 25 wherein defendant said that the evidence that was found in the clothesline and in the shrubbery was his; he also said that the evidence was not in the house because the police had made a raid on narcotic users on the previous day, and he (defendant) had taken the marijuana from the house so that in case he was arrested the police would not find the marijuana; he also said that he had the stuff in the sack because that was the way he sold it; the officers asked defendant if he knew Greenwood, and he replied that if Greenwood ran around with a person by the name of Charles that he (defendant) had had dealings with him.

Defendant testified that he lived at 2264 East 115th Place at the home of Mrs. Bowder; he did not live with Mrs. Tharp;

she lived at 2271 East Imperial Highway; the place where he lived was about 50 yards from Mrs. Tharp's house; he did not keep any of his property at her place; sometimes she does laundry for him; he has stayed with her children while she was away; he had told the officers that he lived at her house, but that was not the truth; he met Greenwood in July or August when Charles, who worked with defendant, came to the house in an automobile and asked defendant "to pick him up" in the morning; Greenwood was in the automobile with Charles; he (defendant) did not at any time have any dealings with Greenwood regarding marijuana; the next time he saw Greenwood was at the time of the preliminary hearing in May, 1958; he had not talked to Greenwood by telephone; on April 23 he (defendant) was outside and at the back of his house when Mrs. Tharp hollered at him and said that someone wanted him on the telephone; he could not get any "understanding out of the [telephone] conversation"; he could not understand when the person was talking about "a half pound or something like that," so he told the person to come over; he (defendant) thought it was a friend who wanted to borrow money; he did not have any marijuana in the back yard, or in the clothesline, or in the shrubbery; he did not know anything about the marijuana; there was no fence in the back yard and there was a clothesline for the use of four families; he did not tell the officers that the marijuana, which they found in the clothesline or in the shrubbery, was his.

Mrs. Tharp testified that she lived at 2271 East Imperial Highway; defendant did not live there; the place where he lived in the housing project was across the "back" yard and on the next street; there is no fence between the houses; the occupants of the houses in the different units of the project used the same yard and clothesline; defendant had a suit of clothes in her house; the suit had been taken to a clothes cleaner by her, and the cleaner had returned the suit on the day before the arrest; some of defendant's other clothing, which she was going to launder, was in her house; her telephone was used by her neighbors; defendant did not have a telephone.

Mrs. Bowder testified that defendant had never lived at her house and he does not have a room with her; some things that belonged to defendant are in a storeroom at her house; when she returned from Texas about two years ago the things were in the storeroom, and defendant got his mail at her

house; her husband was living in the house while she was in Texas.

Appellant contends that the court erred in refusing to instruct the jury to the effect that the jury might find the defendant guilty of another offense which is necessarily included in the offense charged, if in the judgment of the jury the evidenec supports such a verdict; and that the offense charged in counts 1, 2, 3, and 4 (selling marijuana to a minor) necessarily includes the crime of contributing to the delinquency of a minor.

■ "[I]nstructions are always to be given or refused with reference to the facts introduced before the jury." (*People* v. *McCoy*, 25 Cal.2d 177, 188 [153 P.2d 315].) ■ The trial court may properly refuse to instruct the jury upon a lesser included offense where the evidence is such as to make it clear that if defendant is guilty at all, he is guilty of the higher offense. (*People* v. *McCoy*, *supra*, p. 187.) ■ The evidence on behalf of the prosecution, with reference to the four counts, was that appellant sold marijuana to Greenwood, the minor. Appellant's asserted defense was that he met Greenwood once, that he had no conversation with him other that the introduction, and that marijuana was not mentioned. Appellant denied that he sold marijuana to Greenwood or that he had marijuana in his possession in the presence of Greenwood or at all. He did not present his defense on a theory that an act committed by him might be the lesser offense of contributing to the delinquency of a minor. There was no evidence that appellant smoked marijuana in the presence of the minor or that he did any other thing which might be a misdemeanor under section 702 of the Welfare and Institutions Code. Under any reasonable view of the evidence which the jury could have adopted, the appellant was either guilty of selling marijuana as charged or he was not guilty of any crime. The court did not err in refusing to give appellant's requested instructions regarding a lesser included offense.

■ Appellant also contends that the court improperly admitted evidence of possession of marijuana with respect to count 5 (possession of marijuana which was in the clothesline pole) ; and that since the court set aside the conviction as to count 5 there is no doubt that the evidence of the alleged possession of marijuana influenced the jury to find appellant guilty of selling marijuana as alleged in the other counts. Appellant does not assert on appeal, and did not assert at

the trial, that count 5 was not properly joined with the other counts. The court did not err in receiving the evidence as to count 5.

The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied September 10, 1959, and appellant's petition for a hearing by the Supreme Court was denied October 20, 1959.